**George W. MARSH, Plaintiff,**

**v.**

**ALLRIGHT MISSOURI, INC., Helen Deane Sullivan, Deane Maitland Anderson, and the First National Bank of Kansas City, Missouri, Trustee Under the Will of Oliver H. Dean, Deceased, Appellants,**

**Engelhaupt Construction Corporation, a/k/a Engelhaupt Construction Company, and Jim Engelhaupt, Defendants,**

**and**

**Belger Cartage Service, Inc., Respondent.**

**No. KCD 29278.**

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

William J. Koenigsdorf, Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, Kansas City, for appellants.

Ronald S. Weiss, Berman, DeLeve, Kuchan & Chapman, Kansas City, for respondent.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action to recover for services and equipment claimed to have been furnished in performance of contract for demolition of buildings and to establish mechanic's lien on real property involved. Trial court awarded Belger Cartage Service, Inc., judgment for $6,525.51 against demolition contractor and made judgment a special mechanic's lien upon real estate. Owners and lessee of realty appeal.

Allright Missouri, Inc., was the owner or lessee of a parcel of real estate known as 1112–1120 Walnut, in Kansas City. Multistoried buildings, known as the Kline-Holiday Shoe Buildings, had been built on the property. In December, 1971, Allright entered into a contract with Engelhaupt Construction Company, Inc., for demolition of the buildings preparatory to use of the land for a parking lot.

Engelhaupt began work on the project. On Sunday, February 20, 1972, eight floors of the center section of one building collapsed, burying two workmen on the job. A person identified as "Engelhaupt" called Mr. John Belger of Belger Cartage Service, Inc., and told Belger of the accident and of the need for men and equipment to rescue the trapped workers. Belger immediately dispatched a crane to the site, together with operators. Subsequently, the first crane, a 35-ton machine, was found inadequate and a second Belger crane, a 50-ton machine, was taken off another work site and dispatched to the scene. The Belger equipment, manned by Belger employees, was in continuous service from Sunday afternoon until around twelve noon, Wednesday, February 23, when the bodies of the workers were uncovered. The Belger cranes were used with a clam shell to dig and assist in the removal of rubble and debris. A wrecking ball was also used to demolish portions of the walls and roofs of the building.

After the bodies had been recovered, the Belger equipment left the job. Belger sub-

mitted a bill to Engelhaupt for $6,525.51 for the rental of equipment and service of employees between February 20 and February 23, 1972. The bill was not paid and Belger gave notice of intention to file a mechanic's lien. Belger filed its lien statement and brought its action to recover the amount claimed owed by Engelhaupt and to establish its mechanic's lien.

The trial court made findings of fact and conclusions of law in which it concluded that the equipment and labor shown in Belger's Mechanic's Lien Statement "were used in the demolition and remodeling of the real estate * * *." The court found:

"10. The equipment and labor used by Belger in rescuing the buried workmen were a necessary part of the entire demolition and transformation to a parking facility as contemplated in the contract between Allright and Engelhaupt Construction Company, Inc."

Judgment was entered against Engelhaupt for $6,525.51, plus interest, and the judgment was made a special mechanic's lien against the property. The owners and lessee appeal.

Section 429.015(3), RSMo 1975 Supp., provides in part:

"3. Every mechanic or other person who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery, for the purpose of demolishing or razing a building or structure under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of sections 429.010 to 429.340, shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished, a lien upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre."

■ Appellants contend that the trial court erred in finding that Belger was entitled to assert a mechanic's lien because humanitarian rescue efforts are not cognizable under the above statute and the weight of the evidence clearly showed that Belger's efforts were for humanitarian rescue effort and were not furnished for demolishing or razing the building. This argument, based upon the *weight* of the evidence necessarily assumes some evidentiary support for the trial court's findings and invokes the admonition found in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976): "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." 536 S.W.2d 32.

There is clear evidentiary support for the trial court's findings. Belger employees testified that the crane was used with a wrecking ball to break through the roof of a building that was to come down. The clam shell was used to remove debris and stock pile it. Vincent Bahm, the first supervisor for Engelhaupt on the job, testified that the debris had to be dug out of the sub-basement to "make sure there was no cavities in the basement."

■ As appellants assert, Belger came to the job originally in response to a call for rescue assistance. However, the basic job contracted for by Allright was for the demolition of the building. Belger men and machinery contributed to the performance of the contract by demolishing portions of the structure and by removing debris which would have been required to be removed in the demolition process. The trial court found that, although the Belger equipment and personnel were retained for the purpose of rescuing the buried workmen, such equipment and labor were also used in the demolition process. This finding is supported by the evidence.

Belger's contribution was not that of a volunteer. They came to the job in response to the request of the contractor. Although Belger would not likely have been involved had the rescue attempt not have been necessary, nevertheless, under the evidence, Belger did contribute to the demolition of the structure. Belger did perform work and furnish machinery "for the purpose of demolishing or razing a building" by

**580**

virtue of a contract with a contractor with the owner of the premises. The requirements of § 429.015(3), supra, were met and the trial court properly found that Belger was entitled to a mechanic's lien.

Appellants' argument that the trial court's conclusion of law that Belger was entitled to a lien was erroneous because Belger's efforts were devoted to a rescue operation, not to the improvement of the property and that such latter objection is essential for the establishment of a mechanic's lien must be rejected under the facts here found. As above stated, the method of improvement of the property here involved was demolition of the existing buildings. Belger contributed to that objective by doing work that was necessary for the demolition. That such work also had as its objective the rescue of the buried workmen does not destroy the right of Belger to invoke the protection of the mechanic's lien law.

Judgment affirmed.

All concur.